

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable W. E. Barron
County Attorney, Grimes County
Anderson, Texas

Dear Sir:

Opinion No. O-2966
Re: Is the Commissioners'
Court liable for any
fees taxed as costs in
a delinquent tax suit
before the land is ac-
tually sold and the
amount of taxes, penalty,
interest and costs paid
to the tax collector?

We have your letter of recent date requesting the opinion of this department upon the above stated question.

We quote from your letter as follows:

"*   *   *   Article 7332, Revised Civil Statutes of Texas, 1925, provides for the fees that shall be assessed and collected in suits for delinquent taxes. There is another statute which provides that, when there are unknown heirs in any suit an attorney ad litem shall be appointed to represent the unknown heirs. We have been following this statute in bringing tax suits against unknown heirs and have appointed attorneys ad litem in all cases. The attorneys who were appointed to represent the unknown heirs have presented to the Commissioners' Court of Grimes County a bill for their services in the aggregate amount of $1900.00. This has been done notwithstanding the fact that the property has not been bought by anyone, although the property has been bid in by me as County Attorney for the State of Texas and deeds have been made to the State of Texas as provided by law.

"I have advised the Court that under Article 7333, Revised Civil Statutes, 1925, that it is not liable for the costs. Said Article reads as follows: 'In each case such fees shall be taxed as costs against the

Honorable W. E. Barron, page 2

land to be sold under judgment for taxes, and paid out of the proceeds of sale of same after the taxes, penalty and interest due thereon are paid, and in no case shall the State or county be liable therefor.'

"I shall appreciate the opinion of the department at the earliest possible date. * * *

Article 7332, supra, provides certain fees in tax suits for the various officers concerned and named therein. It will be noted that Article 7333, supra, expressly provides that in each case such fees, meaning the fees provided for in Article 7332, supra, shall be taxed as costs against the land, etc. It is then expressly provided "and in no case shall the State and county be liable therefor." Referring to the language in the above mentioned statutes in the case of Grant, et al, vs. Ellis (Com. App.) 50 S. W. (2d) 1093, the court said that "this language certainly evidences a direct legislative intent to expressly prohibit the rendition of any judgment against the state and county for costs, or fees classed as such." It will be noted that the above mentioned statutes are not applicable to or make no reference to compensation allowed attorneys ad litem, appointed by the court to represent unknown heirs, unknown or non-resident owners cited by publication as provided by Article 7342, Vernon's Annotated Civil Statutes.

Article 2158, Vernon's Annotated Civil Statutes, provides:

"Where service has been made by publication, and no entry has been filed, nor appearance entered within the time prescribed by law, the court shall appoint an attorney to defend the suit in behalf of the defendant, and judgment shall be rendered as in other cases; but, in every such case, a statement of the evidence, approved and signed by the judge, shall be filed with the papers of the cause as a part of the record thereof. The court shall allow such attorney a reasonable fee for his services, to be taxed as part of the costs."

Section 6 of Article 7345b, Vernon's Annotated Civil Statutes, provides:

Honorable W. E. Barron, page 3

"All court costs, including costs of serv-
ing process, in any suit hereafter brought by or
in behalf of any taxing units for delinquent taxes
in which suits all other taxing units have a de-
linquent tax claim against such property of any
part thereof, have been impleaded, together with
all expenses of foreclosure sale and such reason-
able attorney's fees as may be incurred by the in-
terpleaded or intervening taxing units, not exceeding
ten per cent (10%) of the amount sued for, such attor-
ney's fees to be subject to the approval of the court
together with such reasonable expenses as the taxing
units may incur in procuring data and information as
to the name, identity and location of necessary par-
ties and in procuring necessary legal descriptions
of the property, shall be chargeable as court costs."

Section 9 of Article 7345b, Vernon's Annotated Civil
Statutes, provides in part:

"If the property be sold to any taxing unit
which is a party to the judgment under decree of
court in said suit, the title to said property shall
be bid in and held by the taxing unit purchasing same
for the use and benefit of itself and all other taxing
units which are parties to the suit and which have been
adjudged in said suit to have tax liens against such
property, pro rata and in proportion to the amount of
the tax liens in favor of said respective taxing units
as established by the judgment in said suit, and costs
and expenses shall not be payable until sale by such
taxing unit so purchasing same, and such property
shall not be sold by the taxing unit purchasing same
for less than the adjudged value thereof or the amount
of the judgments against the property in said suit ***"

Under the above stated facts and in view of the fore-
going Statutes you are respectfully advised that it is the
opinion of this department that the compensation allowed the
attorneys ad litem must be taxed as a part of the costs in such
cases and the same are not payable until sale of the land by the
taxing unit purchasing the same. Therefore, your question is
respectfully answered in the negative.

Honorable T. M. Barron, page 4

Trusting that the foregoing fully answers your inquiry, we are

Yours very truly

ATTORNEY GENERAL OF TEXAS

APPROVED DEC 20, 1940

FIRST ASSISTANT
ATTORNEY GENERAL

By

Ardell Williams
Assistant

AW:EP

